UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DONAWA,

    Movant,

v.

    File No. 1:06-CV-518

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
    _____/

## OPINION

This matter comes before the Court on Movant Michael Donawa's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion will be denied.

### I.

On January 22, 2004, Movant was charged with five crimes: (1) Count I charged distribution of an unspecified quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), which carried a statutory penalty of not more than 20 years imprisonment; (2) Counts II, III and VI charged three counts of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii), each of which carried a statutory penalty of not less than five years nor more than forty years of imprisonment; and (3) Count IV charged conspiracy to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(B)(iii), which also

carried a statutory penalty of not less than five years nor more than forty years of imprisonment. On April 7, 2004, the government filed an information and notice of prior drug felony conviction, which increased the statutory penalties for the five crimes to not more than thirty years on Count I and not less than ten years nor more than life imprisonment on Counts II, III, IV and VI.

Movant pleaded guilty to all five offenses on April 19, 2004. On July 22, 2004, in accordance with a plea agreement, Movant was sentenced to five terms of 120 months of imprisonment, to be served concurrently. Judgment was entered on July 27, 2004. Movant did not timely appeal his conviction or sentence.

On March 30, 2005, however, Movant filed a letter in this Court requesting transcripts. The Court construed the request as a notice of appeal. The appeal was docketed in the Sixth Circuit, but, on July 26, 2005, was dismissed for lack of jurisdiction because the appeal was untimely.

On or about July 14, 2006, Movant filed this § 2255 motion to vacate his sentence.[1] The Court preliminarily reviewed the petition in accordance with Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, and ordered the Government to file an answer to the petition. In its

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on July 14, 2006, and it was received by the Court on July 24, 2006. Thus, it must have been handed to prison officials for mailing at some time between July 14 and July 24, 2006. For purposes of this case, the Court has given Petitioner the benefit of the earliest possible filing date.

response, the Government asserted that Movant's claims were barred by the statute of limitations.

Following notice by the Court, Movant has now filed a reply, in which he expresses his desire to drop his pending grounds for relief and amend his petition to add a claim that his attorney failed to file an appeal despite having been expressly instructed to do so by Movant. Movant has not, however, addressed the statute-of-limitations issue raised by the Government.

## II.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period. 28 U.S.C. § 2255 ¶ 6. The limitation period runs from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255 ¶ 6.

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. *Wiegand v. United States*, 380 F.3d 890, 891 (6th Cir.

3

2004).  When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires.  *See Sanchez-Castellano v. United States*, 358 U.S. 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).  Judgment was entered in this case on July 27, 2004.  The judgment became final on Friday, August 6, 2004, upon the expiration of the ten-day period for filing a notice of appeal.  Movant had one year, or until Monday, August 8, 2005, in which to timely file a motion under § 2255.  The instant motion was filed on or about July 14, 2006, more than eleven months after the statute of limitations had expired.  Accordingly, under 28 U.S.C. § 2255, ¶ 6(1), Movant's action appears to be time-barred and subject to summary dismissal.

In his initial petition,[2] Plaintiff argued that his period of limitations accrued at a later date, during his incarceration at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), where he was transferred "[s]hortly after sentencing . . . ." (Mem. in Support of § 2255 Pet. at 3.)  Movant claims that, at some point after he was transferred to FCI-Cumberland, he was diagnosed with depression and pyschomotor retardation and that his concentration was found to be affected by a history of post-traumatic stress disorder ("PTSD"), arising out of his military service in Korea between 1976 and 1978,

---

[2]Although Petitioner now asks this Court to permit an amendment to the petition, the Court nevertheless will address the allegations in the original petition.  The Court also will address the allegations in the proposed amended petition.  Because the Court finds that the new issue raised by Petitioner is also time-barred, the Court will deny the motion to amend as futile.

and later service in Kuwait during "Desert Storm" in 1989 through 1991.  He contends that his diagnosis of PTSD was a factor in his drug addiction and should have been considered in setting the term of imprisonment under U.S.S.G. § 5K2.13.[3]  Movant argues that, because he was unaware of the actual diagnosis, until some unspecified time after his sentencing on July 27, 2004, after he had been transferred to FCI-Cumberland, the statute of limitations should be triggered by the date of his discovery of that diagnosis.

The statute of limitations for a federal habeas petition under 28 U.S.C. § 2255 ¶ 6(4), like the limitations period for a state habeas petition under § 2244(d)(1)(D), begins to run on "the date on which the *factual predicate* of the claim or claims *could have been discovered through the exercise of due diligence*."  28 U.S.C. 2255 ¶ 6(4) (emphasis added).  The Sixth Circuit squarely has held that

---

[3]Section 5K2.13 provides:

A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense.  Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicated a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

> "The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [the triggering knowledge]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence."

*DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006) (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)).

Here, Movant has failed to meet any part of the provision's requirements. First, while he alleges that he was not diagnosed until sometime after incarceration, he makes no allegation that he was unaware of symptoms that could or should have put him or his attorney on notice of a mental health issue that might serve as a basis for a diminished capacity sentencing consideration. Indeed, according to his own memorandum in support of his § 2255 motion, his depression and PTSD did not prevent him from maintaining a 26-year working career at General Motors Corporation until the date of his incarceration. As a factual matter, therefore, Movant has failed to allege sufficient basis for considering his PTSD and depression to have "significantly reduced" his mental capacity, as required by U.S.S.G. § 5K2.13.

Second, assuming Movant could demonstrate that he had substantial symptomology during the relevant period, Movant has not alleged any reason for concluding that those symptoms should not have triggered sufficient reason for him to investigate a mental health diagnosis. Inasmuch as the limitations period is triggered by the date on which the relevant

6

underlying facts "could have been discovered," Movant has failed adequately to invoke ¶ 6(4).

Third, assuming Movant's allegations were sufficient to create a possibility that belated discovery could have triggered the running of the provision on some date later than his sentencing, Movant has failed entirely to allege the date on which he purportedly discovered the relevant facts. Because Movant did not file his petition until July 15, 2006, his reason to know of his depression and PTSD must have occurred some time after July 15, 2005. Movant alleges, however, that he was transferred to FCI-Cumberland shortly after his sentencing nearly a year before that date. Movant's assertions are wholly inadequate to demonstrate a discovery date within the relevant one-year limitations period or that Movant exercised due diligence in making the discovery.

The one-year limitations period also is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). In *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). In the instant case, for the same reasons Movant fails to show the due diligence in discovering facts under § 2255 ¶ 6(4), he fails to demonstrate grounds for equitable tolling.

The Supreme Court has held that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before his petition is dismissed on statute of limitations grounds. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006); *see also Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). Here, the Government raised the statute of limitations in its responsive pleading and the Court provided Movant an opportunity to file a reply brief. Movant elected instead to move to file an amended petition, dropping the original claims and adding a claim that his attorney had provided ineffective assistance by failing to file a direct appeal after being expressly requested to do so.

By filing his motion to amend, Movant appears to suggest that he is entitled to equitable tolling of the statute of limitations because he directed his attorney to file an appeal and erroneously but reasonably believed the appeal was pending. He suggests that his attorney's failure to file the appeal as directed constitutes ineffective assistance of counsel and serves as grounds for equitable tolling of the statute.[4]

Movant fails to demonstrate either element of the *Pace* test that would entitle him to equitable tolling. With respect to the first prong, Movant makes no effort to demonstrate the necessary diligence. *See Pace*, 125 S. Ct. at 1814. He does not explain how his counsel's failure to file an appeal prevented him from filing the instant motion within the one-year

---

[4]Where an attorney fails to initiate an appeal when specifically instructed to do so he acts in a manner that is professionally unreasonable under the standard of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)).

statute of limitations. According to the information contained in his motion, attached exhibits, and the filings in this Court and the court of appeals, it is apparent that Petitioner knew, at the latest, by May 12, 2005 that his attorney had not filed an appeal as requested. *See United States v. Donawa*, No.05-1467, slip ord. at 2 (6th Cir. July 26, 2005) (noting that, in his May 12, 2005 reply to the court's order to show cause why his appeal should not be dismissed as untimely, Defendant had asserted that his attorney failed to file an appeal as requested). Yet Movant did not attempt to file his § 2255 motion until more than fourteen months after that date. Movant clearly has not demonstrated diligence in pursuing his rights.[5] *See Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002) (noting that the petitioner "did not explain why he waited three years after the conclusion of his direct appeal before seeking collateral relief in state court"); *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. 2001) (noting that the petitioner "offers no explanation for his failure to file during this period").

Further, Movant has not demonstrated that some extraordinary circumstance prevented him from filing his § 2255 motion. *See Pace*, 125 S. Ct. at 1814. To the extent Petitioner places the blame for his untimeliness on his attorney, an attorney's mistakes and lack of due diligence in preserving a claimant's rights generally do not warrant equitable tolling of the

---

[5]Indeed, even were the Court to assume that Movant's discovery that his attorney had failed to file an appeal was sufficient to trigger the running of a new limitations period under 28 U.S.C. 2255 ¶ 6(4), Movant's motion would be untimely, as it was filed more than one year after his discovery of the "factual predicate of the claim." *Id.*

9

statute. *See Stanley v. McKune*, 133 Fed. Appx. 479, 480 (10th Cir. 2005) (attorney failure to file allegedly requested appeal cannot support equitable tolling). *See also Martin v. Hurley*, 150 Fed. Appx. 513, 516 (6th Cir. 2005); *Elliot v. DeWitt*, No. 00-3329, 2001 WL 523527, at * 1 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001) (collecting cases); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Furthermore, the fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Therefore, Petitioner is not entitled to equitable tolling.

## III.

For the foregoing reasons, Movant Donawa's § 2255 motion to vacate, set aside, or reduce sentence will be denied. Further, his motion to amend the petition will be denied as futile. An Order consistent with this Opinion will issue.


Date:    April 9, 2007              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE